# *Gower v. Alfa Vision Ins. Corp.*

Court of Appeals of Kentucky

November 18, 2016, Decided

NO. 2015-ca-000804-mr

**Reporter**
2016 Ky. App. Unpub. LEXIS 772 *

TAYLOR GOWER APPELLANT v. ALFA VISION INSURANCE CORPORATION APPELLEE

**Notice:** Decision text below is the first available text from the court; it has not been editorially reviewed by LexisNexis. Publisher's editorial review, including Headnotes, Case Summary, Shepard's analysis or any amendments will be added in accordance with LexisNexis editorial guidelines.

## Opinion

[*1] OPINION

AFFIRMING

** ** ** ** **

BEFORE: KRAMER, CHIEF JUDGE; DIXON AND TAYLOR, JUDGES.

KRAMER, CHIEF JUDGE: Taylor Gower appeals a summary judgment of the McCracken Circuit Court which dismissed a contract enforcement action she filed against Alfa Vision Insurance Corporation ("Alfa"). Finding no error, we affirm.

The circuit court's order of summary judgment stated the relevant facts in this matter as follows:

On March 22, 2013, Gower was driving with her boyfriend, Stephen Cooper ("Cooper"), in her 2005 Nissan Maxima. Upon feeling sick, she requested he drive. Apparently unbeknownst to Gower, Cooper did not have a driver's license. Cooper lost control of the vehicle and struck a tree totaling the car. Gower suffered a knee injury in the accident that required two surgeries.

Subsequently, Gower made claims for benefits under the BRB/PIP/no-fault, liability and collision coverage of her policy. Alfa paid Gower $25,000 for her personal injury claim but denied her collision claim citing a policy exclusion denying collision coverage for accidents caused by unlicensed drivers. Gower sued Alfa for enforcement of the insurance contract, violations of *KRS 304.12-230*, the Unfair Claims Settlement Practices Act [*2] ("UCSPA"), and punitive damages for bad faith.

Thereafter, Alfa moved for summary judgment based upon an exclusion to the collision coverage portion of the policy. In relevant part, it provided:

**Exclusions**

We will not pay for:

. . .

21. Loss to "your covered auto" or a "non-owned auto" caused by a:

. . .

c. person who is not licensed to operate a motor vehicle;

. . .

e. unless that person is listed as a driver or resident on the application or endorsed onto the policy during the policy term but before the loss.

In response, Gower conceded the above-stated policy language was unambiguous, but argued (1) she had a reasonable expectation of coverage; and alternatively, (2) the exclusion was against public policy.

The circuit court rejected both of Gower's counter-arguments and, as noted, summarily dismissed her claims. This appeal followed.

Summary judgment serves to terminate litigation where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Kentucky Rule of Civil Procedure (CR) 56.03*. Summary judgment should be

granted only **[*3]** if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Steelvest, Inc. v. Scansteel Service Center, Inc., 807 S.W.2d 476 (Ky. 1991)*. Summary judgment "is proper where the movant shows that the adverse party could not prevail under any circumstances." *Id. at 480* (citing *Paintsville Hosp. Co. v. Rose, 683 S.W.2d 255 (Ky. 1985)*).

On appeal, we must consider whether the circuit court correctly determined that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft, 916 S.W.2d 779 (Ky. App. 1996)*. Because summary judgment involves only questions of law and not the resolution of disputed material facts, an appellate court does not defer to the circuit court's decision. *Goldsmith v. Allied Building Components, Inc., 833 S.W.2d 378 (Ky. 1992)*. Likewise, we review the circuit court's interpretations of law *de novo*. *Cumberland Valley Contrs., Inc. v. Bell County Coal Corp., 238 S.W.3d 644, 647 (Ky. 2007)*.

On appeal, Gower does not argue the circuit court erred by dismissing her claims for Alfa's alleged violations of *KRS 304.12-230*, the Unfair Claims Settlement Practices Act ("UCSPA"), and punitive damages for bad faith. Accordingly, the circuit court's judgment is affirmed as confessed in those respects. *See, e.g., Osborne v. Payne, 31 S.W.3d 911, 916 (Ky. 2000)*. Instead, the crux of Gower's argument is that the circuit court erred in construing the terms of her insurance policy as denying her collision coverage under the facts presented. As to **[*4]** why, she reasserts the above two arguments she incorporated into her response to Alfa's motion for summary judgment.

The interpretation of an insurance policy is a question of law that we review *de novo*. *K.M.R. v. Foremost Ins. Group, 171 S.W.3d 751, 753 (Ky. App. 2005)*. In undertaking our review, we are mindful of two cardinal principles: (1) the contract should be liberally construed and all doubts resolved in favor of the insureds; and (2) exceptions and exclusions should be strictly construed to make insurance effective. *See Kentucky Farm Bureau Mutual Ins. Co. v. McKinney, 831 S.W.2d 164, 166 (Ky. 1992)*. However, where the terms of the policy are clear and unambiguous, we must accord them their "plain and ordinary meaning." *Nationwide Mutual Ins. Co. v. Nolan, 10 S.W.3d 129, 131-32 (Ky. 1999)*.

Gower's first argument on appeal, as it was below, is that she had a reasonable expectation of coverage. But, "reasonable expectations" are not ascertained from the subjective belief, however genuine, of the insurance applicant. This Court has specified that the test in determining reasonable expectations is based on construing the policy language as a layman would understand it, rather than considering the policyholder's subjective thought process regarding the policy. *Estate of Swartz v. Metropolitan Property & Cas. Co., 949 S.W.2d 72, 75 (Ky. App. 1997)*. Only actual ambiguities in the policy language will trigger the doctrine of reasonable expectations. *True v. Raines, 99 S.W.3d 439, 443 (Ky. 2003)*. Here, Gowers had no reasonable **[*5]** expectation of coverage. Gowers has conceded the above-stated exclusion is unambiguous. And, under a plain reading, it unambiguously excluded collision coverage under the circumstances presented.

Her second argument, which regards public policy, likewise has no merit. As an aside, "public policy" has been defined as "the principle that a person should not be allowed to do anything that would tend to injure the public at large." Black's Law Dictionary 1245 (7th ed. 1999). It is not implicated in this context because the law typically fixes the boundaries of public policy,[1] and collision coverage is not required under *Kentucky law. Lawson v. Helton Sanitation, Inc., 34 S.W.3d 52, 55 (Ky. 2000)*; *see also Flowers v. Wells, 602 S.W.2d 179, 181 (Ky. App. 1980)* (listing collision insurance as an example of optional coverage). Therefore, provisions in a policy limiting the extent to which an insurer will compensate an insured for damages to an insured's vehicle and expressly excluding certain types of collision coverage do not contravene public policy. Indeed, collision coverage does not affect the interests of any innocent third party or the public; it is first-party coverage[2] exclusively between two contracting parties-the insured and the insurer-under which the insurer agrees to become liable for accidental damage **[*6]** to the vehicle under a given set of circumstances.

Gower also argues that in other situations involving facts that are not present in this matter, the above-written exclusion might unfairly deny coverage. We will not discuss the application of this exclusion in the hypothetical situations presented by Gower, however, because doing so would result in an unauthorized advisory opinion from this court. *See Philpot v. Patton, 837 S.W.2d 491, 493 (Ky. 1992)* ("Our courts do not function to give advisory opinions, even on important public issues, unless there is an actual case or controversy.") To the extent that Gower is arguing that the exclusion renders coverage illusory, however, we

disagree. Coverage is illusory when an insured cannot foresee any circumstances under which he or she would collect under a particular policy provision. See Sparks v. Trustguard Ins. Co., 389 S.W.3d 121, 128-29 (Ky. App. 2012) (discussing the doctrine of illusory coverage). This is not the case here. The exclusion at issue in this matter only prevents coverage in the event that an unlicensed driver is involved.

In sum, Alfa agreed to become liable for accidental damage to Gower's vehicle provided, among other things, that her car was not being operated by an unlicensed driver.[3] This restrictive provision addressed the level [*7] of risk Alfa was willing to underwrite, and insurers have the right to reduce exposure to risks they were not paid to underwrite. State Farm Mut. Auto. Ins. Co. v. Hodgkiss-Warrick, 413 S.W.3d 875, 881 (Ky. 2013). This provision did not violate public policy; and, in light of this provision, the circuit court correctly determined Gower had no reasonable expectation of coverage under the circumstances presented. We therefore AFFIRM.

ALL CONCUR

BRIEF FOR APPELLANT: David C. Troutman Paducah, Kentucky BRIEF FOR APPELLEE: James R. Coltharp, Jr. Paducah, Kentucky

[1] Generally speaking, if the Constitution or statutes speak upon a subject, the policy of the state is necessarily fixed to that extent. Whatever they authorize or approve is sanctioned by public policy and whatever they prohibit is against public policy. Central West Cas. Co. v. Stewart, 248 Ky. 137, 58 S.W.2d 366 (1933); Fann v. McGuffey, 534 S.W.2d 770, 779 (Ky. 1975); Owens v. Clemons, 408 S.W.2d 642, 645 (Ky. 1966).

[2] See Motorists Mut. Ins. Co. v. Glass, 996 S.W.2d 437, 441 (Ky. 1997) (noting collision coverage is first party coverage.)

[3] A "collision," for purposes of this type of coverage, has been held to cover

[A]ll unforeseen, accidental impacts with any kind of an object, usually meaning the sudden contact of a moving body with an obstruction in its line of motion. It means the act of two objects striking together, importing violence in such meeting. Such object with which the automobile collides may be either moving [*8] or standing; nor does it matter which of the objects are in motion. Both of them need not be in motion for recovery to be had.

Calvert Fire Ins. Co. v. Little, 421 S.W.2d 584, 585 (Ky. App. 1967).

**End of Document**